JOHN J. GARZON, ESQ
Attorney for Petitioner
46-12 Queens Blvd., Ste. 204
Sunnyside, New York 11104
Tel: (718) 433-1331
attyjohngarzon@msn.com

Counsel for Petitioner

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Carlos Nahun Cantor Garcia,**<br><br>         Petitioner,<br><br>v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; John TSOUKARIS, in his official capacity as Director of the Newark Field Office of Immigration and Customs Enforcement.<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br><u>IMMIGRATION HABEAS CASE</u> |

1

**INTRODUCTION**

1.  Petitioner CARLOS NAHUN CANTOR GARCIA, through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his unlawful and arbitrary detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE").

2.  Mr. Cantor Garcia is a native and citizen of Honduras who has resided in the United States since approximately 2001 and has lived continuously in New York for over twenty-five years. He is a long-time New York resident, a lawful wage earner with valid employment authorization, a taxpayer, and a devoted father of three minor United States citizen children.

3.  On January 29, 2026, while walking to his place of employment in Long Island, New York, Petitioner was arrested by immigration officers without prior notice, without a judicial warrant, and without any individualized determination that he posed a danger to the community or a risk of flight.

4.  That same day, DHS issued a Notice to Appear charging Petitioner under INA § 212(a)(6)(A)(i) and placing him in removal proceedings pursuant to INA § 240. His removal proceedings are venued in New York.

5.  Petitioner previously filed an affirmative asylum application with USCIS on March 14, 2023, which remains pending. Any prior expedited removal order under INA § 235(b)(1) was vacated following a credible fear determination. Petitioner has been authorized to work and has complied with all immigration requirements.

6. Immediately following his arrest in New York, ICE transferred Petitioner to the Delaney Hall Detention Facility in Newark, New Jersey. ICE maintains unilateral discretion to transfer him again, including to facilities in remote jurisdictions, which would severely impair his access to counsel and undermine this Court's ability to exercise meaningful review.

7. Petitioner has no criminal history whatsoever. He is not alleged to be a threat to public safety, nor has DHS asserted that he is a flight risk. His continued detention—without an individualized bond hearing at which the Government bears the burden of proof—violates the Due Process Clause of the Fifth Amendment.

8. Petitioner's detention has inflicted severe hardship on his three minor U.S. citizen children and his family in New York, who rely on him emotionally and financially.

9. Through this Petition, Mr. Cantor Garcia seeks immediate release from unlawful custody or, in the alternative, a prompt individualized bond hearing before a neutral decisionmaker. He further requests that this Court enjoin Respondents from transferring him outside this District pending resolution of this Petition to preserve this Court's jurisdiction and ability to grant effective relief.

**PARTIES**

10. Petitioner CARLOS NAHUN CANTOR GARCIA is a native and citizen of Honduras who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Delaney Hall Detention Facility in Newark, New Jersey. He was arrested by ICE officers in Long Island, New York, on January 29, 2026, and placed into removal proceedings venued in New York.

3

11. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS") and is responsible for the administration and enforcement of the immigration laws of the United States, including the detention of noncitizens. She is sued in her official capacity.

12. Respondent Pamela Bondi is the Attorney General of the United States and is responsible for the administration of the immigration court system through the Executive Office for Immigration Review ("EOIR"). She is sued in her official capacity.

13. Respondent Todd Lyons is the Acting Director of ICE, a component of DHS responsible for immigration detention and removal operations nationwide. In his official capacity, he exercises supervisory authority over ICE detention facilities, including Delaney Hall. He is sued in his official capacity.

14. Respondent William P. Joyce is the Acting Field Office Director for ICE Enforcement and Removal Operations in New York. He oversees ICE enforcement activities in New York, including the arrest and initial detention of Petitioner. Upon information and belief, the decision to arrest Petitioner in Long Island and initiate removal proceedings was made under the authority of the New York Field Office. He is sued in his official capacity.

15. Respondent John Tsoukaris is the Director of the Newark Field Office of ICE Enforcement and Removal Operations and oversees detention operations at Delaney Hall Detention Facility. He is sued in his official capacity.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. Petitioner challenges the legality of his present detention under the Fifth Amendment to the United States Constitution. Federal district courts retain jurisdiction over constitutional challenges to immigration detention. See *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

17. Although Petitioner is presently confined at Delaney Hall Detention Facility in Newark, New Jersey, this Court retains habeas jurisdiction because the legal basis for his detention arose in this District and remains under the operational control of ICE officials within the New York Field Office.

18. Petitioner was arrested in Long Island, New York, by ICE officers operating under the authority of the New York Field Office. On that same day, DHS issued a Notice to Appear initiating removal proceedings venued in New York. The decision to arrest, detain, and initiate proceedings was made within this District.

19. Respondent William P. Joyce, Acting Field Office Director for ICE Enforcement and Removal Operations in New York, exercises supervisory and operational authority over the arrest and initial detention of Petitioner. Upon information and belief, the New York Field Office retains legal custody authority over Petitioner's removal proceedings.

20. ICE's immediate transfer of Petitioner across state lines shortly after his arrest cannot defeat this Court's habeas jurisdiction. Jurisdiction under 28 U.S.C. § 2241 attaches at the time of filing and may not be defeated by subsequent transfer. See, e.g., *Ex parte Endo*, 323 U.S. 283 (1944).

5

21. Strict application of the immediate physical custodian rule in these circumstances would allow the Government to evade judicial review by transferring detainees outside the district in which they were arrested and where their proceedings are pending, thereby frustrating the Suspension Clause.

22. Venue is proper under 28 U.S.C. § 1391(e) because Respondents are federal officers acting in their official capacities and a substantial part of the events giving rise to this action—including Petitioner's arrest and initiation of removal proceedings—occurred within this District.

23. To preserve this Court's ability to grant effective relief, Petitioner requests that Respondents be enjoined from transferring him outside the region pending adjudication of this Petition.

## REQUIREMENTS OF 28 U.S.C. § 2243

24. Pursuant to 28 U.S.C. § 2243, a federal court presented with a petition for a writ of habeas corpus must promptly award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears that the petitioner is not entitled to relief.

25. Section 2243 reflects Congress's recognition that habeas corpus is intended to provide a swift and imperative remedy in cases of unlawful executive detention. See *Fay v. Noia*, 372 U.S. 391, 400 (1963).

26. Petitioner Carlos Nahun Cantor Garcia remains in civil immigration detention without a constitutionally adequate individualized custody determination and under the

6

continuing threat of transfer outside this District. His detention implicates core liberty interests protected by the Fifth Amendment.

27. Because Petitioner lacks any meaningful administrative mechanism to challenge the constitutional deficiencies of his detention or to prevent transfer that would frustrate judicial review, prompt judicial intervention is warranted.

## STATEMENT OF FACTS

28. Petitioner Carlos Nahun Cantor Garcia is a native and citizen of Honduras who entered the United States in approximately 2001 and has resided continuously in New York for over twenty-five years. During that time, he has worked consistently, paid taxes, and established substantial family and community ties.

29. Petitioner is the father of three minor children, all United States citizens, who reside in New York and depend on him for emotional and financial support.

30. On March 14, 2023, Petitioner filed an affirmative application for asylum with USCIS, which remains pending. He was granted employment authorization and issued a valid Social Security number.

31. Prior to January 29, 2026, Petitioner had never been arrested by immigration authorities, had never been placed in removal proceedings, and had no prior immigration court history.

32. On the morning of January 29, 2026, Petitioner was arrested by immigration officers in Long Island, New York, while walking to his place of employment. He was taken into ICE custody without prior notice and without any allegation that he posed a danger to the community or a risk of flight.

7

33. That same day, DHS issued a Notice to Appear charging Petitioner under INA § 212(a)(6)(A)(i) and placing him in removal proceedings pursuant to INA § 240. His proceedings are venued in New York.

34. Following his arrest in New York, Petitioner was transferred to the Delaney Hall Detention Facility in Newark, New Jersey.

35. Petitioner has no criminal history whatsoever. He is not subject to mandatory detention under INA § 236(c), and no individualized bond hearing has been provided at which the Government bears the burden of justifying his continued detention.

36. ICE retains discretion to transfer Petitioner at any time, including to facilities in distant jurisdictions, which would significantly impair his access to retained counsel in New York and this Court's ability to grant effective relief.

37. Petitioner's continued detention has caused severe hardship to his three minor U.S. citizen children, who witnessed his arrest and rely upon him for daily care and support.

38. Petitioner now seeks immediate release from ICE custody or, in the alternative, a prompt individualized bond hearing consistent with constitutional due process, and requests that this Court prohibit transfer outside this region pending resolution of this Petition.

## **LEGAL FRAMEWORK**

39. The Fifth Amendment to the United States Constitution guarantees due process protections to all "persons" within the United States, including noncitizens, regardless of their immigration status. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

40. The Due Process Clause protects both substantive and procedural liberty interests. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Id. at 690.

41. Civil immigration detention is constitutionally permissible only insofar as it bears a reasonable relation to a legitimate, non-punitive governmental purpose. See Jackson v. Indiana, 406 U.S. 715, 738 (1972). The Supreme Court has recognized that immigration detention may serve only two purposes: (1) ensuring appearance at proceedings and (2) protecting the community from danger. See Zadvydas, 533 U.S. at 690–92; Demore v. Kim, 538 U.S. 510, 523 (2003).

42. Because immigration detention is civil in nature, it may not be excessive in relation to those purposes and may not be imposed arbitrarily. See Salerno, 481 U.S. at 746–47.

43. Procedural due process further requires that the Government provide adequate safeguards before depriving an individual of liberty. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

44. Even where detention is statutorily authorized, the Constitution requires an individualized determination when liberty is at stake. Prolonged or unjustified detention without a meaningful opportunity to contest custody raises serious constitutional concerns. See Zadvydas, 533 U.S. at 690.

45. Where a noncitizen has established substantial ties within the United States— including long-term residence, employment authorization, and family unity with

9

United States citizen children—detention without an individualized assessment of flight risk or dangerousness implicates core due process protections.

46. Accordingly, where the Government detains a noncitizen who is not subject to mandatory detention and who has substantial ties to the community, no criminal history, and a pending application for relief, continued confinement without an individualized determination that detention is necessary to ensure appearance or protect the community raises serious constitutional concerns under the Fifth Amendment.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Violation of the Fifth Amendment — Substantive Due Process (Detention)**

47. Petitioner re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48. The Due Process Clause of the Fifth Amendment protects all "persons" from deprivation of liberty without due process of law. U.S. Const. amend. V. As the Supreme Court has recognized, "freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

49. Civil immigration detention is constitutionally permissible only insofar as it reasonably furthers a legitimate, non-punitive governmental purpose, namely: (1)

ensuring appearance at immigration proceedings, and (2) protecting the community from danger. Id.; Demore v. Kim, 538 U.S. 510, 523 (2003).

50. Petitioner has been detained for an extended period without any individualized determination of flight risk or dangerousness. Petitioner poses no risk of flight, has no criminal history, and has strong family and community ties in New York, including three minor U.S. citizen children.

51. Respondents' detention of Petitioner is therefore arbitrary and bears no reasonable relation to the legitimate purposes of immigration detention, and is punitive in effect. Accordingly, Petitioner's detention violates the substantive due process guarantees of the Fifth Amendment.

52. Because Respondents have no legitimate justification for Petitioner's continued detention, Petitioner is entitled to immediate release or, in the alternative, a constitutionally adequate bond hearing.

## SECOND CAUSE OF ACTION

**Violation of the Fifth Amendment — Procedural Due Process (Detention)**

53. Petitioner re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. U.S. Const. amend. V. Procedural due process requires that the government provide adequate notice of the basis for detention and a meaningful

11

opportunity to contest that detention before a neutral decisionmaker. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Zadvydas, 533 U.S. at 690.

55. Petitioner was taken into ICE custody on January 29, 2026, without notice, without an opportunity to be heard, and without any individualized assessment of flight risk or danger to the community.

56. After being transferred to a Delaney Hall Detention Facility in Newark, New Jersey, far from his family and retained counsel in New York, Petitioner remains in custody under indefinite civil detention, with no administrative or judicial forum capable of reviewing the legality of his confinement.

57. The absence of a meaningful bond hearing or other procedural safeguards creates a substantial risk of erroneous deprivation of liberty. See Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017); Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011).

58. Petitioner has demonstrated long-term residence in New York, continuous employment, and deep family and community ties, including three minor U.S. citizen children dependent on him. In light of these factors, the government bears the burden of demonstrating by clear and convincing evidence that continued detention is justified.

59. Respondents have failed to provide Petitioner with a timely, adequate, and meaningful opportunity to contest his detention. As a result, his ongoing confinement violates the procedural due process protections of the Fifth Amendment.

60. Accordingly, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241, including immediate release from custody or, in the alternative, a prompt and constitutionally adequate bond hearing before a neutral decisionmaker.

## PRAYER FOR RELIEF

**WHEREFORE, Carlos Nahun Cantor Garcia respectfully requests that this Court grant the following relief:**

61. Assume jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 2241, and expedite its resolution in light of Petitioner's ongoing civil immigration detention and the irreparable harm caused by the deprivation of liberty;

62. Declare that Petitioner's continued detention without a final order of removal, without a constitutionally adequate bond hearing, and without meaningful judicial or administrative review violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

63. Declare that Respondents lack lawful authority to continue detaining Petitioner absent an individualized determination that his detention is justified by flight risk or danger to the community, as required by the Immigration and Nationality Act and the Constitution;

64. Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ordering Petitioner's immediate release from custody, or, in the alternative, ordering a prompt and constitutionally adequate bond hearing before a neutral decisionmaker at which the Government bears the burden of justifying continued detention;

65. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this Court while this Petition is pending, pursuant to the Court's equitable authority and the All Writs Act, 28 U.S.C. § 1651, to preserve Petitioner's access to counsel and the Court's ability to grant effective relief;

66. Award Petitioner costs and reasonable attorneys' fees to the extent permitted by law, including pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

67. Grant such other and further relief as the Court deems just, proper, and necessary to remedy the ongoing constitutional violations and to protect Petitioner's fundamental liberty interests.

### VERIFICATION PURSUANT TO 28 U.S.C. § 2242

- I, John J. Garzon, Esq., Attorney for Petitioner Carlos Nahun Cantor Garcia in this matter, and hereby verify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the factual statements contained in the foregoing Petition for Writ of Habeas Corpus are So true and correct to the best of my knowledge, information, and belief.

**Dated:** February 11, 2026

**JOHN J. GARZON, ESQ**
**Attorney for Petitioner**
**46-12 Queens Blvd., Ste. 204**
**Sunnyside, New York 11104**
**Tel: (718) 433-1331**
attyjohngarzon@msn.com

14