**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

**CARLOS NAHUN CANTOR GARCIA**,

   *Petitioner*,

 v.

**KRISTI NOEM, *et al.*,**

   *Respondents*.

No. 26-cv-01450

**ORDER**

---

 **THIS MATTER** comes before the Court by way of Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1); and

 **WHEREAS**, Petitioner is a native and citizen of Honduras who entered the United States in approximately 2001 and has resided continuously in New York for over twenty-five years. On March 14, 2023, he filed an affirmative application for asylum with U.S. Citizenship and Immigration Services, which remains pending; and

 **WHEREAS,** on January 29, 2026, Petitioner was arrested by Immigration and Customs Enforcement officers in Long Island, New York, and on that same day was issued a Notice to Appear charging him under 8 U.S.C. § 1182(a)(6)(A)(i) and placing him in removal proceedings pursuant to 8 U.S.C. § 1229a. Petitioner is currently detained at Delaney Hall Detention Facility in Newark, New Jersey;[1] and

 **WHEREAS**, Petitioner alleges that following his detention he has not been afforded a

---

[1] The Petition was originally filed in the United States District Court for the Eastern District of New York on February 11, 2026. (ECF No. 1). On February 12, 2026, that court transferred the matter to the District of New Jersey, where Petitioner is presently confined. (ECF No. 3).

bond hearing, presumably based on Respondents' position that he is subject to mandatory detention and ineligible for bond pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (BIA 2025); and

**WHEREAS**, under this Court's recent decisions in *Bethancourt-Soto v. Soto*, No. 25-16200, 2025 WL 2976572 (D.N.J. 2025) and *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025) non-citizens apprehended inside the United States after residing here for an extended period can only be detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond;[2] and

**WHEREAS**, the statutory or other legal authority for the detention of Petitioner, like many others who have filed applications before this Court, is unclear and dubious; therefore

**IT IS HEREBY** on this 13th day of February, 2026,

**ORDERED that the Court shall hold a hearing via Microsoft Teams on February 17, 2026 at 9:00 a.m.** at which Respondents shall produce at least one witness with personal knowledge and/or institutional knowledge sufficient to testify competently regarding Petitioner's immigration proceedings and history thereof, as well as his detention history, the basis for his detention, and Respondents' efforts to effectuate removal; and it is further

---

[2]  Federal courts have in near unanimity similarly rejected arguments of mandatory detention in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases). While the Court is aware of the Fifth Circuit's recent decision reaching a contrary conclusion, that decision is not binding here, and the Court is unpersuaded by its reasoning, for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, slip op. (5th Cir. Feb. 6, 2026).

**ORDERED** that Respondents shall file and serve an expedited answer **by 4:00 p.m. on February 16, 2026**, which shall respond to the Petition paragraph by paragraph, and a legal memorandum, or letter brief, which

(1) identifies the specific statutory or other legal authority upon which Petitioner was initially detained and upon which they rely for any assertion that Petitioner's detention is lawful;[3]

(2) sets forth all procedural due process provided to Petitioner prior to his detention and includes all related documents;

(3) identifies whether there is a final order of removal for Petitioner and, if so,

    a.  the date thereof;
    b.  the total number of days detained and the specific dates thereof (including the cumulative amount of days of detention for any separate periods of detention);
    c.  all efforts made since the date of the final order of removal to effectuate Petitioner's removal and the results thereof;
    d.  all efforts made since the date of Petitioner's detention to effectuate Petitioner's removal and the results thereof;

(4) sets forth any and all alleged changed circumstances upon which Respondents claim

---

[3] The Government is explicitly reminded that it may not unlawfully detain an individual under 8 U.S.C. § 1225(b) and later attempt to justify that detention under § 1226 through alternative, retrospective, or *post hoc* reasoning advanced during litigation. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"). Accordingly, to the extent that Petitioner was initially unlawfully detained under § 1225(b), a bond hearing will not cure such a defect. "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019).

3

Petitioner's detention is lawful;

(5) states whether Petitioner has received a bond hearing and if not, why not, and if so, provides

   a. a full and complete copy of any decision of the immigration court as to bond;
   b. a full and complete copy of any transcript (recorded or transcribed) of any such proceedings; and
   c. the factual and legal basis upon which they claim any such proceeding was fundamentally fair.

(6) identifies the current status of any and all immigration proceedings related to Petitioner, including but not limited to his pending application for asylum;

(7) to the extent not specified above, otherwise fully responds to the allegations and grounds in the Petition, on a paragraph-by-paragraph basis, and includes all affirmative defenses Respondents seek to invoke; and

(8) serves with the response and/or answer a certification attesting as to the completeness and authenticity of all documents produced and information provided in response to this Order; and it is further

**ORDERED** that Respondents shall provide the Court with copies of all records and documents retrieved from any federal, state, or local database searched in connection with Petitioner's detention, including, without limitation, USCIS's Central Index System ("CIS"), the ENFORCE Alien Removal Module ("EARM"), the Integrated Automated Fingerprint Identification System ("IAFIS"), the National Crime Information Center ("NCIC"), any state judiciary databases, and any other internal agency databases; and it is further

**ORDERED** that Respondents shall conduct a complete inventory of all personal property belonging to Petitioner that is currently in their custody, possession, or control, whether directly or through any contracted facility, shall take all reasonable steps to safeguard and preserve such

4

property pending further Order of the Court, and shall file a certification from a responsible official with personal knowledge confirming that a full inventory has been completed and that the property is being safeguarded and preserved; and it is further

ORDERED that, given that Petitioner has already been detained for a period of time, failure to comply with this Order shall result in an Order of immediate release without further notice or an opportunity to be heard; and it is further

ORDERED that because the Petitioner is currently detained by Immigration and Customs Enforcement in the State of New Jersey, and the Court has issued an expedited briefing schedule, to preserve the status quo, including Petitioner's continued access to counsel, during the briefing and hearing process and until the Court issues a decision in this matter, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner shall remain in the State of New Jersey and shall not be transferred outside the State of New Jersey until further order of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is finally

ORDERED that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov.

CHRISTINE P. O'HEARN
**United States District Judge**

5