

**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

---

*David Inkeles*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*david.inkeles@usdoj.gov*

*main: (973) 645-2700*
*direct:(973) 645-2813*

February 16, 2026

**<u>Via ECF</u>**
Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> **Re:** ***Cantor Garcia v. Noem, et al.*, No. 26-1450 (CPO)**
> **Joint Stipulation of Transfer and Expedited Answer**

Dear Judge O'Hearn:

This Office represents Respondents in the above habeas matter. For the reasons below, the parties agree that venue and habeas jurisdiction for this petition is proper in the Eastern District of New York, and we respectfully submit this letter enclosing the parties' joint stipulation and proposed order of transfer. *See* Ans. Ex. A ("Stipulation and Proposed Order").

In the event the Court does not so-order the parties' joint stipulation of transfer, Respondents respectfully  submit this expedited answer to the petition, in accordance with the Court's Order to Answer, and considering the Court's recent decisions in similar cases involving challenges to detention under 8 U.S.C. § 1225(b)(2). *See, e.g., Soto v. Soto*, No. 25-16200 (CPO), No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *see also Gadea Leon v. Bondi, et al.*, No. 26-716 (CPO), ECF No. 7 (Order of Release) (D.N.J. Jan. 26, 2026); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025).[1]  Respondents acknowledge that this petition involves the same statutory arguments and similar salient facts as these prior cases, and we appreciate the importance of the efficient resolution of this petition, and preservation of the Court's and parties' resources.

We thank the Court for its attention to this matter.

---

[1]     Respondents have filed a notice of appeal in *Rivera Zumba*, which would create binding precedent concerning the § 1225(b)(2) issue in this Circuit.

### Stipulation of Transfer

Petitioner filed the instant habeas petition in the U.S. District Court for the Eastern District of New York at 5:04 p.m. on February 11, 2026. *See* Ans. Ex. B ("Docket Activity Report"). According to ICE, Petitioner was then housed at the Metropolitan Detention Center, in Brooklyn, New York ("MDC"), where he arrived at 3:30 p.m. that same day and remains. *See* Ans. Ex. C ("EARM Detention History"). Prior to his transfer to MDC, Petitioner had been detained at the Delaney Hall Detention Facility, in Newark, New Jersey, from January 29, 2026, until February 11, 2026, at 1:00 p.m. (when he left for MDC). *See id.*

On February 12, 2026, at 11:54 a.m., the U.S. District Court for the Eastern District of New York transferred the case to this District based upon the allegation in the petition that Petitioner was housed at Delaney Hall, and so, from "the face of the Petition, venue lie[d] in the District of New Jersey." *See* ECF No. 3, at 1. But according to ICE, by the time of the Eastern District of New York transfer order, Petitioner had already been housed at MDC for nearly 20 hours. Because habeas "jurisdiction lies in only one district: the district of confinement," *Khalil v. President of the United States*, 164 F.4th 259, 268 (3d Cir. 2026) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)), and the district of confinement at the time Petitioner filed was in the Eastern District of New York, Respondents respectfully submit that the Eastern District of New York is the only appropriate venue for this habeas petition. *See id.* (citing 28 U.S.C. § 2241(a)). The parties have conferred and agree that venue is proper in the Eastern District of New York. Accordingly, the parties respectfully submit the attached stipulation and proposed order to transfer this petition to the Eastern District of New York. *See* Stipulation and Proposed Order.

### Expedited Answer

In the event the Court does not so-order the parties' joint stipulation of transfer, Respondents respectfully submit the following expedited answer directed to the merits of the petition, in accordance with the Court's Order to Answer.

The Court's Order to Answer directs Respondents to serve an expedited answer which "shall respond to the Petition paragraph by paragraph," along with a "legal memoranda, or letter brief," justifying Petitioner's detention with certified records. *See* ECF No. 7, at 2-3, ¶¶ (1)-(8). The Order also sets a hearing for February 17, 2026, at which Respondents must produce a "witness with personal knowledge and/or institutional knowledge sufficient to testify competently regarding Petitioner's immigration proceedings and history thereof, as well as his detention history, the basis for his re-detention, and Respondents' efforts to effectuate removal." *Id.* at 2.

Upon receipt of the Order, this Office promptly notified U.S. Immigration and Customs Enforcement ("ICE") of the required information, and ICE informed this Office that they were working diligently to gather responsive documents. ICE has provided this Office with responsive documents under its custody or control, all of which are attached to this answer and discussed below. ICE was also able to identify a witness to appear in this instance. At the same time, Respondents recognize that they have not satisfied the Court's Order in full, including by failing to provide a certification for this response. Respondents further recognize that the Order gave notice that the failure to comply with the Order "shall result in an Order of immediate release without further notice or an opportunity to be heard." Respondents will be prepared to promptly release Petitioner upon order of the Court.

Respondents respectfully offer the following explanation regarding Petitioner's detention and the attached documents in response to the Court's order. In addition, in accordance with the Court's Order, Respondents affix an Answer to this letter brief which responds to the specific allegations in the petition, paragraph by paragraph. *See* Ans. Ex. D (Answer).

On January 29, 2026, U.S. Customs and Border Protection ("CBP"), with assistance from ICE Homeland Security Investigations ("HSI"), arrested Petitioner pursuant to an administrative warrant. *See* Ans. Ex. E ("I-213"), at 2. According to ICE, Petitioner is a citizen and national of Honduras who entered the United States without admission or parole, and at a time or place other than as designated by the Attorney General. *Id.*; *see also* Ans. Ex. F ("Notice to Appear") (citing 8 U.S.C. § 1182(a)(6)(A)(i)). In processing Petitioner following the arrest, ICE determined that Petitioner had previously unlawfully entered the United States on May 5, 2002. I-213, at 2. ICE also inventoried the personal property on Petitioner's possession at the time of the arrest, and has retained custody of the property for safekeeping during the pendency of Petitioner's detention pending removal proceedings. *See* Ans. Ex. G ("Declaration") and accompanying exhibits. Petitioner has a pending asylum application. He has not received a bond hearing since his arrest, nor has he been issued a final removal order.

With respect to the merits of the detention claim, Respondents have detained Petitioner under 8 U.S.C. § 1225(b)(2), because, according to ICE, Petitioner is a noncitizen who entered the United States without inspection or parole and was detained by immigration authorities in the interior of the country without having been lawfully admitted. *See* NTA; I-213. As such, he is an "applicant for admission" who is not entitled to a bond hearing. *See, e.g.*, *Lomeu v. Lyons*, Civ. No. 25-16589 (EP), ECF No. 7, Respondents' Br. at 9-18 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025)); *see also Buenrostro-Mendez v. Bondi*, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (holding noncitizens present in United States who had not been admitted were "applicants for admission" and subject to mandatory detention under § 1225(b)(2)); *Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL

3

100761, at \*8-14 (S.D.N.Y. Jan. 14, 2026) (analyzing § 1225(b)(2)'s text, structure, and context in concluding it covers "all applicants for admission, including those 'present in the United States' who have 'not been admitted' and never gained lawful entry into the country after inspection and authorization by an immigration officer, regardless of how long they have been present."); *but see Gadea Leon*, Order of Release, at 2 (finding petitioner was "unlawfully detained" because he "was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226").

In the end, Respondents acknowledge this response relies on the same statutory arguments made in prior § 1225(b)(2) matters, and this petition asserts salient facts similar to those prior cases. Respondents accordingly submit this expedited answer given the similarity of issues, the importance of efficient resolution of this petition, and the preservation of the Court's and the parties' resources.

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

JORDAN FOX
Chief of Staff & Associate Deputy
 Attorney General
Special Attorney

By:   */s/ David Inkeles*
DAVID INKELES
Assistant United States Attorney
*Attorneys for Respondents*

CC: Counsel of Record, John J. Garzon, Esq.

4